# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> DIGNITY HOME CARE INC. and M'MOUPIENTILA N'KENON N'DA a/k/a MARC N'DA, <br><br> Defendants. | Civil Action No. 8:23-cv-465 |

## COMPLAINT

Pursuant to Section 217 of the Fair Labor Standards Act, of 1938, as amended (29 U.S.C. § 201 *et seq.*) ("FLSA"), Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor ("Acting Secretary"), brings this action to enjoin and restrain the defendants Dignity Home Care Inc. ("Dignity") and individual M'Moupientila N'kenon N'da a/k/a Marc N'da ("N'da") (collectively, "Defendants") from violating Sections 207, 211, 215(a)(2), and 215(a)(5) of the FLSA, and to recover compensation Defendants failed to pay their employees, plus liquidated damages, pursuant to Section 216(c) of the FLSA.

The Acting Secretary, through the Wage and Hour Division, conducted an investigation of Defendants for compliance with the FLSA. The Acting Secretary's investigation reviewed Defendants' employment and pay practices from December 23, 2019 through December 22, 2021 (the "Investigation Period"). Unless stated otherwise, all allegations and conditions described herein pertain to the Investigation Period.

1

**Jurisdiction and Venue**

1. This Court has jurisdiction of this case. 29 U.S.C. § 217 and 28 U.S.C. § 1345.

2. This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

**Defendants**

3. Defendant Dignity is a Nebraska corporation within this Court's jurisdiction with an office at 4201 North 90th Street, Omaha, Nebraska 68134 where it conducts business.

4. Dignity is a nonmedical home care services company that provides professional personal care attendants to assist people of all ages with activities of daily living.

5. Defendant N'da is the owner of Dignity and has actively managed and supervised Dignity's operations and its employees during the Investigation Period. Among other things, N'da is involved in the day-to-day operations of Dignity, has hired and fired employees, and has set employees' pay rates.

6. N'da has acted directly or indirectly in Dignity's interests with respect to its employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

7. During the Investigation Period, Defendants engaged in business within Douglas County, Nebraska, within this Court's jurisdiction.

**The FLSA Applies to Defendants' Employees**

8. Defendants employ domestic service employees who provide companionship services, including fellowship, protection, and care services to clients in private homes, which affects interstate commerce under the FLSA. 29 U.S.C. § 202(a).

**The FLSA Applies to Defendants**

9. In addition, Dignity is an "enterprise" under the FLSA due to its related activities performed through unified operation or common control and for a common business purpose. 29 U.S.C. § 203(r).

10. Dignity is an "enterprise engaged in commerce" under the FLSA, because it had (i) two or more employees who are engaged in or produced goods for commerce; and (ii) an annual gross volume of sales or business done greater than $500,000 during the Investigation Period. 29 U.S.C. § 203(s)(1)(A).

**FLSA Violations**

11. Defendants repeatedly violated Sections 207 and 215(a)(2) of the FLSA when they failed to pay their employees one-and-one-half times their regular rates for hours worked in excess of 40 in a workweek and instead paid employees their regular rates for all hours worked. 29 U.S.C. §§ 207(a)(1), 215(a)(2).

12. Defendants violated Sections 211 and 215(a)(5) of the FLSA when they failed to keep complete and accurate records. Defendants did not keep records showing the total hours employees worked on a daily or weekly basis and did not record hours worked when employees drove from one client's home to another. 29 U.S.C. § 211, 29 C.F.R. Part 516.

**Remedies Sought**

13. As a result of their FLSA violations, Defendants owe the employees listed in Exhibit A back wages and liquidated damages, under Sections 216(c) and 217 of the FLSA. If Defendants continued to violate the FLSA after the Investigation Period, then Defendants may owe additional back wages and liquidated damages to employees.

14. Defendants may also owe additional back wages and liquidated damages, during the Investigation Period, to their employees whose identities the Acting Secretary does not currently know.

15. As a result of their FLSA violations, Defendants have unlawfully withheld unpaid compensation from their employees.

16. Moreover, Defendants repeatedly and willfully violated Sections 207 and 215(a)(2) of the FLSA, because Defendants knew or showed reckless disregard for whether the FLSA prohibited their conduct.

17. Specifically, Defendants acted willfully when they had notice about the FLSA's requirements by virtue of the Wage and Hour Division's investigation yet, upon information and belief, continued to fail to pay their employees one-and-one-half times their regular rates for hours worked in excess of 40 in a workweek after the Investigation Period.

18. Because Defendants repeatedly and willfully violated the FLSA, the Acting Secretary is entitled to recover back wages and liquidated damages for Defendants' employees for a three-year period. 29 U.S.C. § 255(a).

## Prayer for Relief

As a result of Defendants' FLSA repeated and willful violations, the Acting Secretary respectfully requests this Court enter an Order:

A. Permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those in active concert or participation with them, from violating Sections 207, 211, 215(a)(2), and 215(a)(5) of the FLSA. 29 U.S.C. § 217(a).

B.      Finding Defendants liable for unpaid overtime wages, plus an equal amount in liquidated damages, owing to the employees listed in Exhibit A, as well as to other of Defendants' employees not yet known to the Acting Secretary. 29 U.S.C. § 216(c).

C.      If the Court declines to award liquidated damages, then enjoining and restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding unpaid compensation found owing to Defendants' employees, plus prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury under 26 U.S.C. § 6621.

D.      Providing such other relief as may be necessary and appropriate.

E.      Awarding costs and granting such other and further relief as may be necessary and appropriate.

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

**EVERT H. VAN WIJK**
Associate Regional Solicitor

s/ Katharine K. Sangha
KATHARINE K. SANGHA (MO #66196)
U.S. Department of Labor
Office of the Solicitor
2300 Main Street, Suite 10100
Kansas City, Missouri 64108
816-285-7244 (Direct)
816-285-7287 (Fax)
Sangha.Katharine.K@dol.gov

*Attorneys for Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor*