# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor, United States Department of Labor, <br><br>  Plaintiff, <br><br> v. <br><br> DIGNITY HOME CARE INC. and M'MOUPIENTILA N'KENON N'DA a/k/a MARC N'DA, <br><br>  Defendants. | ) ) ) ) ) ) ) Civil Action No. 8:23-cv-465 ) ) ) ) ) ) |

## ACTING SECRETARY'S NOTICE OF INTENT TO SERVE SUBPOENA DUCES TECUM TO WELLSKY CORPORATION

Pursuant to Fed. R. Civ. P. 45(a)(4), Plaintiff, the Acting Secretary of Labor, provides notice to Defendants Dignity Home Care Inc. and M'moupientila N'kenon N'da a/k/a Marc N'da, that the Acting Secretary intends to serve a subpoena duces tecum to the custodian of records for WellSky Corporation, 1100 SW Wanamaker Road, Suite 103, Topeka, Kansas 66604, on November 29, 2024. A copy of the subpoena is attached to this notice.

Respectfully submitted,

Seema Nanda
Solicitor of Labor

Christine Z. Heri
Regional Solicitor

Evert H. Van Wijk
Associate Regional Solicitor

s/Katharine K. Sangha
Katharine K. Sangha (MO #66196)
Attorney
2300 Main Street, Suite 10100
Kansas City, MO 64108
(816) 285-7260 (main)

(816) 285-7244 (direct)
(816) 285-7287 (fax)
Sangha.Katharine.K@dol.gov

Attorneys for the Acting Secretary of Labor,
United States Department of Labor

2

**CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the parties listed below:

F. Beau Howard
Nicholas B. Corser
FOX ROTHSCHILD LLP
999 Peachtree Street NW, Suite 1500
Atlanta, Georgia 30309
(404) 962-1000 (Phone)
(404) 962-1200 (Fax)
FBHoward@foxrothschild.com
NCorser@foxrothschild.com

Attorneys for Defendants

                                                            s/Katharine K. Sangha

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Nebraska

| | |
|---|---|
| JULIA A. SU, Acting Secretary of Labor,<br>*Plaintiff*<br>v.<br>DIGNITY HOME CARE INC. and M'MOUPIENTILA N'KENON N'DA a/k/a MARC N'DA,<br>*Defendant* | )<br>)<br>)  Civil Action No. 8:23-cv-465<br>)<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Custodian of Records of WellSky Corporation

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.
Response can be made in person at the address below; by mail to 2300 Main Street, Suite 10100, Kansas City, MO 64108; or by electronic delivery to Sangha.Katharine.K@dol.gov

| Place: Office of the Solicitor<br>2300 Main Street, Suite 10100<br>Kansas City, MO 64108 | Date and Time:<br>12/20/2024 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/29/2024

*CLERK OF COURT*

                                            OR        s/Katharine K. Sangha

*Signature of Clerk or Deputy Clerk*                     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Plaintiff Julie A. Su Acting Secretary of Labor, U.S. Department of Labor    , who issues or requests this subpoena, are:

Katharine K. Sangha, 2300 Main St., Ste. 10100, Kansas City, MO 64108; Sangha.Katharine.K@dol.gov; 816-285-7244

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 8:23-cv-465

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____
_____
on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> DIGNITY HOME CARE INC. and M'MOUPIENTILA N'KENON N'DA a/k/a MARC N'DA, <br><br> Defendants. | ) ) ) ) ) ) ) ) Civil Action No. 8:23-cv-465 ) ) ) ) ) ) ) |

### ATTACHMENT TO SUBPOENA

#### RULES OF CONSTRUCTION

1. The terms "all," "every," "any," and "each" shall be construed to mean all and each.

2. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive, and broader rather than narrower.

3. All words and phrases shall be construed as masculine, feminine, or neutral gender, according to the context.

4. The singular form of a word shall be interpreted to mean the plural and vice versa, and the present tense shall be construed to include the past tense and vice versa.

5. The term "including" means "without limitation."

#### DEFINITIONS

1. The term "communication" means any oral, written, electronic or other exchange or transmission of information (in the form of facts, ideas, inquiries, opinions, analysis or otherwise), including correspondence, memos, reports, emails, and electronic documents.

2. The terms "company," "you," and "your" shall mean **WellSky Corporation**, and any predecessor or successor entity, affiliates, or subsidiaries, and their agents and assigns or any other person or persons acting on their behalf.

3. The terms "document" or "documents" are defined to be synonymous in meaning and equal in scope to the terms "documents" and "electronically stored information" as used in Fed. R. Civ. P. 34(a) and include, without limitation, email, spreadsheets, databases, memoranda, records, reports, correspondence, telexes and faxes, communications,

i

4. The term "email" means any electronic communication made using computer communications software, whether through a local computer network or through the internet.

5. "Dignity" shall mean Dignity Home Care Inc. and any affiliates or subsidiaries and their agents and assigns or any other person or persons acting on its behalf. Dignity operates under Employer Identification Number 47-4245692, and is located at 4201 N 90th St, Omaha, NE 68134.

6. "Marc N'da" refers to an individual also known as M'Moupientila N'kenon N'da.

7. The phrase "relating to" means constituting, referring to, pertaining to, responding to, regarding, evidencing, explaining, discussing, depicting, analyzing, or containing any information which in any way concerns, affects, or describes the terms or conditions, or identifies facts, with respect to the subject of the inquiry.

## INSTRUCTIONS

1. <u>Scope of search.</u>  You are required to search for, obtain, and produce all responsive documents, including any responsive documents in the possession, custody, or control of any person acting on your behalf or under your direction or control, such as your employees, accountants, agents, representatives, attorneys, or advisors.

2. <u>Relevant time period.</u>  Unless otherwise specified, the time period covered by this subpoena is from **December 1, 2019** to the date of production. Documents created prior to this date that describe legal duties which remain in effect after December 1, 2019, such as contracts and agreements, shall be considered as included within the time period covered by this subpoena.

3. <u>No documents.</u>  In the event that there are no documents responsive to a particular request, please provide a written response specifying that you have no responsive documents.

4. <u>Privileges and protections.</u>  If you do not produce documents because you object to part of or an aspect of a request, please provide a written response stating the precise basis for the objection and produce all documents responsive to the remaining part or aspect of the requests.

    If any documents responsive to this subpoena are withheld because of a claim of privilege, please identify the documents you claim are privileged in a written response, and indicate for each such document: 1) the nature of the privilege or protection claimed; 2) the factual basis for claiming the privilege or protection asserted; 3) the subject matter of the document; 4) the type, length, and date of the document; 5) the author of and/or signatory on the document; and 6) the identity of each person to whom the document was directed or distributed.

5. <u>Electronically stored information.</u>  If any document called for by this subpoena exists as, or can be retrieved from, information stored in electronic or computerized form, then you are requested to produce the document in PDF, TIFF, or similar format, with the exception of spreadsheets created through Microsoft Excel or other software, databases created through Microsoft Access or other software, photographs, and videos.  You are requested to produce spreadsheets created through Microsoft Excel or other software, databases created through Microsoft Access or other software, photographs, and videos in native format, which can be submitted in a ZIP compressed format.

**DOCUMENTS TO BE PRODUCED**

1. Service agreements or contracts between you and Dignity.

2. All documents sent to you by Dignity and/or Marc N'da showing the hours worked by Dignity employees and/or their rate(s) of pay, including any list, form, record, or ledger.

3. All documents sent by you to Dignity and/or Marc N'da relating to Dignity employee pay and hours worked.

4. Records of hours worked for each Dignity employee, including records showing when employees started and stopped work on each work day.

5. Daily care logs for each Dignity employee, including WellSky Personal Care daily care logs or ClearCare daily care logs.

6. Shift calendars for each Dignity employee, including WellSky Personal Care shift calendars or ClearCare shift calendars.

7. Activity logs for each Dignity employee, including WellSky Personal Care activity logs or ClearCare activity logs.

8. Communications between Dignity and its employees sent via the WellSky Personal Care or ClearCare technology platform(s).

9. Communications between you and Dignity and/or Marc N'da regarding classifying employees as exempt or not exempt from the overtime provisions of the Fair Labor Standards Act.

10. Communications between you and Dignity and/or Marc N'da regarding Dignity employee hours worked, overtime rates, or overtime pay.