IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LORI CHAVEZ-DEREMER,<br>Secretary of Labor, United States<br>Department of Labor,<br><br>    Plaintiff,<br><br>v.<br><br>DIGNITY HOME CARE, INC., and<br>M'MOUPIENTILA N'KENON N'DA<br>a/k/a MARC N'DA,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action File No. 8:23-cv-465 |

**UNOPPOSED MOTION TO STAY CASE PENDING DEPARTMENT OF LABOR'S RULEMAKING DECISION AND TO PERMIT REPLY BRIEF**

Dignity Home Care, Inc. and M'moupientila N'kenon N'da (collectively, "Defendants"), pursuant to Nebraska Civil Rule 6.1, hereby move the Court for an Order (1) staying this action through the Department of Labor's ("DOL") final decision on the new rule proposed at 29 CFR Part 552, Regulation Identifier Number 1235-AA51 (the "Proposed Rule") and (2) permitting Defendants the opportunity to file a reply brief in support of their Motion for Judgment on the Pleadings ("MJOP") [ECF 44, 45, 46, 49] within 14 days of the DOL's final decision on the Proposed Rule. Defendants would not oppose the Secretary filing a Sur-Reply brief thereafter.

176875626.1

Counsel for the parties have conferred, and Plaintiff does not oppose the relief requested in this Motion.

Defendants respectfully show that good cause exists to grant this motion for the following reasons:

1. In this case, the United States Secretary of Labor (the "**Secretary**") claims that Defendants violated the Fair Labor Standards Act ("**FLSA**") by failing to pay overtime wages to their employees, who provide home companionship services to the elderly and infirm. Defendants generally deny these allegations both as a matter of fact and law.

2. On April 15, 2025, Defendants filed an MJOP, seeking a judgment that Dignity's employees are exempt from the overtime requirements of the FLSA based on the plain language of 29 U.S.C. §§ 213(a)(15) and (b)(21) (the "**Companionship Services Exemptions**").

3. The Secretary argues that the regulations found at 29 C.F.R. §§ 552.109(a) and (c) (the "**Third-Party Employer Exclusions**")—which were promulgated in 2013—prevent third-party home companionship services companies like Dignity from applying the Companionship Services Exemptions to their employees.

4.      The MJOP seeks a judgment that the Third-Party Employer Exclusions represent an arbitrary, capricious, and unconstitutional exercise of the Secretary's rulemaking authority, and that these regulations should be vacated.

5.      After the MJOP was filed, the Secretary requested (and Defendants did not oppose) two extensions of the Government's response deadline. The Secretary's requested extensions, totaling 83 days, were granted.

6.      On July 2, 2025,[1] the United States Department of Labor Wage and Hour Division ("**WHD**") issued a Notice of Proposed Rulemaking[2] (the "**NPRM**") which would set aside the Third-Party Employer Exclusions and return the regulations concerning the Companionship Services Exemptions to the version that existed from 1975 until 2013—essentially the result requested in the MJOP.

7.      According WHD's press release: "[b]ecause the Department is concerned that the 2013 regulations do not reflect the best interpretation of the FLSA and discourage essential companionship services by making these services more expensive, the Department is proposing to return to the 1975 regulations."[3]

---

[1] Two business days before the Secretary's deadline to respond to the MJOP.

[2] A copy of the NPRM is attached as **Exhibit 1**.

[3] A copy of WHD's press release is attached as **Exhibit 2**.

8.     On July 25, 2025, the WHD issued Field Assistance Bulletin ("FAB") No. 2025-4, on the subject of "Home Care Enforcement Guidance." In the FAB, the WHD is directed to not enforce the 2013 regulations and discontinue any activity based thereon through the DOL's final ruling on the new Proposed Rule.

9.     The FAB provides, *inter alia*, "[w]hile this FAB is in effect, WHD will not apply the 2013 final rule when determining whether a home care worker is subject to the FLSA's wage requirements. This enforcement policy is intended to provide clarity and consistency for WHD staff while the Department re-evaluates the 2013 final rule through the notice-and-comment rulemaking process. Effective immediately, WHD will suspend enforcement of all provisions introduced in the 2013 final rule."[4]

10.    The comment period on the new Proposed Rule closed on September 2, 2025.[5] As of that date, the DOL has received 5,573 comments on the Proposed Rule.

11.    The DOL's ultimate decision on the new Proposed Rule (*i.e.* whether or not the DOL decides to eliminate the Third Party Exclusions), and any related

---

[4] A copy of the FAB is attached as **Exhibit 3**.

[5] See https://www.regulations.gov/document/WHD-2025-0001-0001

enforcement directives it issues thereafter, is relevant to the resolution of this matter and the arguments available to the parties regarding the MJOP.

12. Accordingly, Defendants respectfully request that this matter, including the Court's consideration of Defendants' MJOP, be stayed pending the DOL's decision on the Proposed Rule.

13. Defendants further request that they be permitted an opportunity to file a reply brief in support of their MJOP within 14 days of the DOL's final decision on the Proposed Rule. Defendant would not oppose the Secretary filing a sur-reply brief thereafter

Respectfully submitted, this 12th day of September, 2025.

*s/ F. Beau Howard*
F. Beau Howard
Georgia Bar No. 142641
Nicholas B. Corser
Georgia Bar No. 290744

FOX ROTHSCHILD LLP
999 Peachtree Street NW, Suite 1500
Atlanta, Georgia 30309
(404) 962-1000 (Phone)
(404) 962-1200 (Fax)
FBHoward@foxrothschild.com
NCorser@foxrothschild.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 12th, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the counsel of record in the case:

Katharine K. Sangha  
Missouri Bar No. 66196  
U.S. Department of Labor  
Office of the Solicitor  
2300 Main Street, Suite 10100  
Kansas City, Missouri 64108  
(816) 285-7244 (Phone)  
(816) 285-7287 (Fax)  
Sangha.Katharine.K@dol.gov

*s/ F. Beau Howard*
F. Beau Howard
Georgia Bar No. 142641
Nicholas B. Corser
Georgia Bar No. 290744

*Attorneys for Defendants*

FOX ROTHSCHILD LLP
999 Peachtree Street NW, Suite 1500
Atlanta, Georgia 30309
(404) 962-1000 (Phone)
(404) 962-1200 (Fax)
FBHoward@foxrothschild.com
NCorser@foxrothschild.com

*Attorneys for Defendants*