# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEITH E. SONDERLING,<br>Acting Secretary of Labor,<br>United States Department of Labor<br><br>            Plaintiff,<br><br>v.<br><br>DIGNITY HOME CARE INC. and<br>M'MOUPIENTILA N'KENON N'DA a/k/a<br>MARC N'DA<br><br>            Defendants. | )<br>)<br>)<br>)<br>) Civil Action No. 8:23-cv-465<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' DISCOVERY POSITION STATEMENT

The parties dispute whether Plaintiff may compel Defendants to produce post-investigation time, payroll, and overtime records for all caregiver employees from December 23, 2021 through July 25, 2025. Plaintiff served Request for Production Nos. 8, 13, and 15 on June 18, 2024, seeking such records for every home care employee since December 23, 2021. Defendants timely objected that the requests are overbroad, unduly burdensome, and disproportionate to the needs of this case, and stated that they would produce records for the employees identified in Exhibit A to the Complaint during the investigation period (December 23, 2019 through December 22, 2021). The disputed requests and Defendants' responses are attached hereto.

Defendants oppose any order compelling additional production. The discovery Plaintiff seeks is neither relevant nor proportional to the needs of this case. Defendants' Renewed Motion for Judgment on the Pleadings demonstrates that Defendants' caregiver employees are exempt from the FLSA's overtime requirements under the plain language of 29 U.S.C. §§ 213(a)(15) and (b)(21), and that the Third-Party Employer Exclusions at 29 C.F.R. §§ 552.109(a) and (c)—upon which Plaintiff's enforcement theory depends—are arbitrary, capricious, and contrary to law. The Department's own actions confirm the infirmity of its enforcement position: the Department's July 2, 2025 Notice of Proposed Rulemaking expressly states that the Department is reconsidering whether its 2013 regulations reflect the best interpretation of the FLSA in light of *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024); and WHD Field Assistance Bulletin 2025-4, effective July 25, 2025, directs WHD investigators to "immediately discontinue enforcement of the 2013 final rule including open cases predating the FAB" and states that investigators "must not

investigate or take enforcement action against third-party employers, including home care agencies, claiming the companionship or live-in exemptions." Compelling production of four years of post-investigation records for all caregiver employees would not merely impose disproportionate burden; it would authorize discovery for an expanded enforcement inquiry that WHD's current guidance says WHD will not pursue under the 2013 Rule. FAB 2025-4 states that, while it remains in effect, "WHD will not apply the 2013 final rule when determining whether a home care worker is subject to the FLSA's wage requirements," and further directs WHD investigators to discontinue enforcement of the 2013 final rule, including open cases, and not to investigate or take enforcement action against third-party home-care employers claiming the companionship or live-in exemptions. SOL represents DOL client agencies and works with those agencies to advance or defend litigation; indeed, SOL's Fair Labor Standards unit works with WHD. Plaintiff has not explained how WHD could use the requested post-investigation records consistently with that directive, or how SOL may obtain through litigation discovery records that WHD's current enforcement position precludes its investigators from using to expand this same 2013-Rule-based enforcement theory. Absent such an explanation—much less any showing that the Administrator or designee has expressly authorized a departure from the FAB—the requested discovery is not relevant or proportional to the needs of this case.

Plaintiff's request is also untimely. Plaintiff served the disputed requests on June 18, 2024, received Defendants' objections in 2024, and by Plaintiff's own account conferred regarding these discovery issues beginning in September 2024. Despite having almost two years to address this dispute, Plaintiff did not invoke the Court's dispute-resolution protocol until June 30, 2026—the motion-to-compel deadline—and has simultaneously sought an extension. This delay is prejudicial and inconsistent with the orderly management of discovery in this case. Any motion to compel should be denied as untimely. Defendants respectfully submit that Plaintiff should not be permitted to revive a stale discovery dispute by waiting until the final day and then seeking additional time to complete the protocol this Court requires. Defendants respect the Court's process, will participate in the required post-submission meet and confer in good faith, and reserve all rights and objections.

<div style="margin-left: 40%;">

Respectfully submitted,

/s/ *F. Beau Howard*
F. Beau Howard
Nicholas B. Corser
FOX ROTHSCHILD LLP
999 Peachtree Street NW, Suite 1500
Atlanta, Georgia 30309
(404) 962-1000 (Phone)
(404) 962-1200 (Fax)
FBHoward@foxrothschild.com
NCorser@foxrothschild.com
*Counsel for Defendants*

</div>

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2026, a true and correct copy of the foregoing Defendants' Discovery Position Statement was served by email on the following:

Katharine K. Sangha, Esquire
Missouri Bar No. 66196
U.S. Department of Labor
Office of the Solictor
2300 Main Street, Suite 10100
Kansas City, MO 64108
Sangha.Katharine.K@dol.gov

*Attorneys for the Plaintiff*


**CERTIFICATE OF SERVICE**

The undersigned certifies the Plaintiff's Discovery Position Statement was served by

Nicholas B. Corser
FOX ROTHSCHILD LLP
999 Peachtree Street NW, Suite 1500
Atlanta, Georgia 30309
(404) 962-1000 (Phone)
(404) 962-1200 (Fax)
FBHoward@foxrothschild.com
NCorser@foxrothschild.com

*Attorneys for Defendants*

/s/ F. Beau Howard

## ATTACHMENT

### **Disputed Requests for Production and Defendants' Responses**

**REQUEST FOR PRODUCTION NO. 8:**

For each workday since December 23, 2021, the timecards, timesheets, or other records showing the times each of your employees who provided home care services to clients started and stopped work.

**RESPONSE TO REQUEST NO. 8:**

Defendant objects that the request is overbroad, unduly burdensome, and not proportionate to the needs of this case. Defendant will produce its time records for the employees identified in Exhibit A to the Complaint during the time period relevant to this case.

**REQUEST FOR PRODUCTION NO. 13:**

For the period since December 23, 2021, the payroll or other records showing the wages and any other compensation paid to each of your employees who provided home care services to clients, whether by cash, check, or direct deposit.

**RESPONSE TO REQUEST NO. 13:**

Defendant objects to Request No. 13 on the grounds that the request is overbroad, unduly burdensome, and not proportionate to the needs of this case. Defendant will produce its payroll records for the employees identified in Exhibit A to the Complaint during the time period relevant to this case.

**REQUEST FOR PRODUCTION NO. 15:**

For the period since December 23, 2021, the documents showing you paid overtime compensation to your employees who provided home care services to clients.

2

**RESPONSE TO REQUEST NO. 15:**

Defendant objects to Request No. 15 on the grounds that the request is overbroad, unduly burdensome, and not proportionate to the needs of this case. Defendant will produce its payroll records for the employees identified in Exhibit A to the Complaint during the time period relevant to this case.

2